878 So.2d 838 (2004)
MOTOROLA, INC.
v.
ASSOCIATED INDEMNITY CORPORATION, Continental Casualty Company, National Surety Company, Transportation Insurance Company, Zurich American Insurance Company.
No. 2002 CA 1351.
Court of Appeal of Louisiana, First Circuit.
June 25, 2004.
Rehearing Denied August 18, 2004.
*839 S. Gene Fendler, Harold J. Flanagan, New Orleans, J.W. Montgomery, III, Pittsburgh, PA, Counsel for Plaintiff/Appellant Motorola, Inc.
David P. Salley, New Orleans, Philip R. King, Chicago, IL, Counsel for Defendant/Appellee Zurich American Insurance Co.
Robert A. Vosbein, William J. Kelly, III, New Orleans, Counsel for Defendants/Appellees Continental Casualty Company and Transportation Insurance Co.
Michael Durand, Lafayette, Counsel for Defendants/Appellees Associated Indemnity Corporation and National Surety Corporation.
Edward A. Rodrigue, Jr., New Orleans, Counsel for Defendant/Appellee St. Paul Surplus Lines Insurance Company.
*840 Eavelyn T. Brooks, New Orleans, Counsel for Defendants/Appellees National Union Fire Insurance Company of Pittsburgh, Pennsylvania and Illinois National Insurance Company.
Before: CARTER, C.J., KUHN, DOWNING, GAIDRY, and McDONALD, JJ.
GAIDRY, J.
This appeal addresses the merits of partial summary judgments rendered in a declaratory judgment action, relating to the issues of liability insurers' coverage and duty to defend their insured in various class action lawsuits. The plaintiff-appellant, Motorola, Inc. (Motorola), appeals those summary judgments in favor of its insurers, Associated Indemnity Company (Associated), Hartford Insurance Company (Hartford), and Continental Casualty Company (Continental). We reverse.

FACTUAL AND PROCEDURAL BACKGROUND
Motorola is a manufacturer of cellular wireless handheld telephones ("cell phones"). It was named as defendant in a number of class action lawsuits (the "Class Actions") seeking recovery of sums of money allegedly owed by Motorola and other cell phone manufacturers to alleviate customers' allegedly harmful exposure to radio frequency radiation. As we have already observed in our prior decisions in this appeal and the related appeal, all of the Class Actions share a common conceptual framework in terms of their factual allegations and the relief sought. Additionally, Motorola was named as a defendant in two separate individual actions seeking damages for brain cancer alleged to have been caused by Motorola cell phones.
Motorola filed this action for declaratory judgment and breach of contract against ten of its primary and excess liability insurers seeking a determination that their policies provide coverage for the claims in the underlying Class Actions and individual lawsuits, that they have the duty to defend Motorola for those claims, and that they are liable for damages to Motorola for their failure to defend it in the Class Actions and the two individual actions.[1]
The trial court initially granted partial summary judgment in favor of Zurich American Insurance Company (Zurich) on November 28, 2001, dismissing it as a party defendant, and denied Motorola's motion for summary judgment as to the merits of the coverage dispute. On March 28, 2002, the trial court similarly granted the motions for partial summary judgment of Associated, Hartford, and Continental, and denied Motorola's cross-motion addressing the same issues. Unlike the motions filed by Associated and Hartford, Continental's motion expressly excluded consideration of issues relating to the two individual lawsuits, as Continental had previously consented to defend Motorola under a reservation of its rights to later challenge applicability of coverage. Thus, the partial summary judgment in its favor did not have the effect of dismissing Continental or terminating the declaratory judgment action as between it and Motorola. Motorola appealed the partial summary *841 judgments rendered against it in two separate appeals. In Motorola, Inc. v. Associated Indemnity Corporation (Motorola III), 02-0716 (La.App. 1st Cir.6/25/04), 878 So.2d 824, we reversed the partial summary judgment in favor of Zurich. This appeal involves the subsequent summary judgments rendered on March 28, 2002.

PROCEDURAL DISCUSSION
This court, sitting en banc, previously examined our subject matter jurisdiction herein sua sponte, given the character of the judgments at issue as partial summary judgments. Motorola II, 02-1351, p. 5 (La.App. 1st Cir.10/22/03), 867 So.2d 723, 725. Because the judgments in favor of Associated and Hartford resolved the merits of all issues between them and Motorola presented in the context of the declaratory judgment action, those judgments were held to be partial final judgments under La. C.C.P. art. 1915(A)(1) and (A)(3), immediately appealable without the need for a designation of finality or "certification" by the trial court. Motorola II, 02-1351 at p. 7, 867 So.2d at 727. As to the partial summary judgment in favor of Continental, we held that the trial court's designation of that judgment as final, without express written or oral reasons for such determination, was adequate compliance with La. C.C.P. art. 1915(B)'s mandate. Motorola II, 02-1351 at p. 16, 867 So.2d at 732. Finally, we held that where the reasons for certification of a partial judgment are neither provided by the trial court nor otherwise apparent from the record, the appellate court should conduct a de novo review of the propriety of the certification. Id.
Even though the trial court did not articulate the reasons for its certification of the partial summary judgment in favor of Continental, both its reasons for doing so and the policy factors supporting appealability are self-evident. The same coverage issue here has already been determined in the context of the related appeal in Motorola III, and will be determined with regard to the judgments in favor of Associated and Hartford. Additionally, the issue is of great importance to the progress and cost of defense of the Class Actions and is clearly ripe for consideration. There is therefore "no just reason for delay" in addressing the merits of the judgment in favor of Continental as such delay would only needlessly fragment the posture of this declaratory judgment action. Cf. Van ex rel. White v. Davis, 00-0206, pp. 7-8 (La.App. 1st Cir.2/16/01), 808 So.2d 478, 484-85. Accordingly, there is no need for us to conduct a de novo review of the propriety of the certification. Motorola II, 02-1351 at p. 16, 867 So.2d at 732.

ANALYSIS
The insurers who are parties to the present appeal have conceded in brief that the relevant coverage provisions in their policies at issue are virtually identical for practical purposes with those of the Zurich policies at issue in Motorola III, and have in large part adopted by reference the description of the issues and argument presented in Zurich's brief in Motorola III. Thus, the same considerations which prompted our reversal of the partial summary judgment in favor of Zurich in Motorola III apply with equal force here, including the considerations relating to the various "business risk" exclusions. Accordingly, the partial summary judgments in favor of Associated, Hartford, and Continental must be reversed. Examination of additional policy language in the policies at issue here only reinforces our ultimate conclusions in Motorola III relating to the primary issue.
*842 Like the policies issued by its co-defendant, Zurich, Associated's policy requires that damages covered under its liability coverage be caused by an "occurrence." An "occurrence" is defined as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." (Our emphasis.)[2] Thus, the policy clearly contemplates coverage for bodily injury resulting from "repeated exposure to conditions." There is no requirement that each incident of exposure result in injury, only that the cumulative or progressive effect of repeated exposure result in injury.[3]
The term "bodily injury" is defined in Associated's policy as "bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom."[4] "Sickness" is generally considered synonymous with "illness," and has been defined as "a disordered, weakened, or unsound condition," Merriam-Webster's Collegiate Dictionary 1069 (10th ed.1993), or "an ailment of such a character as to affect the general soundness and health." Black's Law Dictionary 1380 (6th ed.1990). "Disease" may be defined as "a condition of the living animal or plant body or one of its parts that impairs normal functioning," Merriam-Webster's Collegiate Dictionary 332 (10th ed.1993), or a "[d]eviation from the healthy or normal condition of any of the functions or tissues of the body." Black's Law Dictionary 467 (6th ed.1990).
We conclude, as we did in Motorola III, that the allegations of the class action plaintiffs are broad enough to be reasonably interpreted as asserting claims for "damages because of bodily injury," thereby invoking the duty to defend the insured for such damages as may be covered by each policy. If the insurers intended to specifically limit the scope of damages covered by their policies to "traditional" bodily injury damages, they could have chosen narrower, more precise language. Certainly, the task of ultimately apportioning the insurers' respective shares of any liability for the damages sought will be formidable, but not insurmountable. But that issue is for another court, at another time, *843 as is the tenuous issue of any liability for such damages to future cell phone users.

CONCLUSION
The judgment of the trial court granting summary judgment is reversed, and the case is remanded to the trial court. All costs of this appeal are assessed equally against the defendants-appellees, Associated, Hartford, and Continental.
REVERSED AND REMANDED.
KUHN, J., concurs with reasons.
McDONALD, J., dissents.
DOWNING, J., dissents and assigns reasons.
KUHN, Judge, concurring.
I concur because I disagree with the majority's conclusion that the grant of a partial summary judgment in favor of Zurich American Insurance Company dismissing the insurer from this lawsuit is a final judgment under La. C.C.P. art. 1915 A. But this court concluded otherwise, see Motorola, Inc. v. Associated Indem. Corp., XXXX-XXXX, pp. 10-11 (La.App. 1st Cir.4/30/03), 867 So.2d 715, 720-21, and I am duty bound to adhere to that en banc determination.
DOWNING, J., dissents and assigns reasons.
If a man purchases a Coke with a deceased cockroach therein, drinks it and becomes ill, then his injury would be covered under a bodily injury policy. However, if he does not drink the Coke then his claim is only for the replacement cost of the Coke and recovery is excluded. This would be a business risk because of a defective product not a "bodily injury" claim, even though there was potential for bodily injury, and recovery would be excluded under the bodily injury policy.
Similarly, you can't sue Ford in tort for a Pinto gas tank alleging you could be killed if it blows up. That is a product claim, not causing bodily injury, for the gas tank and not covered under this type of policy.
Never have I seen pleadings so intentionally and meticulously crafted to not claim damages because of bodily injury than the pleadings of the class action plaintiffs.
The result of this case will be that a person who has not yet suffered symptoms of carpal tunnel syndrome, but who may have microscopic cellular injury and desires to have a pad for the keyboard, may sue in tort for the cost of the pad. The insurer will now have to defend every redhibition claim where a creative lawyer can allege some potential but asymptomatic injury.
Interpreting these policies in this strained and liberal manner will convert every redhibition claim where there is potential for future bodily injury into a covered claim. That is not the purpose of this type of insurance and this opinion will cause havoc in the insurance industry.
I would affirm the trial court that there is no coverage and no duty to defend.
NOTES
[1] All of the defendant insurers provided primary or excess liability coverage to Motorola at various times over the alleged period of use of the members of the classes of plaintiffs in the Class Actions. Associated issued a policy of comprehensive general liability (CGL) insurance to Motorola, in effect from July 1, 1983 through July 1, 1985. Hartford issued a CGL policy in effect from July 1, 1986 through July 1, 1987. Continental issued a series of six primary CGL policies in effect from July 1, 1987 through July 1, 2001, as well as an umbrella liability policy in effect from July 1, 1987 through July 1, 1988.
[2] Hartford's policy defines "occurrence" in the same manner, but Continental's policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." There is no temporal limitation of coverage to the policy period within the latter definition, although such a limitation is stated elsewhere in Continental's policies.
[3] A pertinent example of relevant allegations is that of the Naquin plaintiffs' allegations that the class members "are exposed to [radio frequency radiation] which causes physical effects, changes and the risk of long-term injury including the potential for very significant long-term health problems," and that the radio frequency radiation "creates health risks and adverse effects by causing nerve damage, cellular damage, cellular dysfunction and/or other injury to humans."
[4] This definition does not limit coverage for death occurring after the policy period, as long as the "bodily injury, sickness or disease" contributing to death were "sustained" during the policy period. Continental's policies generally define "bodily injury" in the identical language. Hartford's policy evidently contains the same definition of "bodily injury," according to the allegations of its answer to Motorola's petition, quoting the same language. However, the page of its basic policy agreement containing that definition, page 4, was inadvertently omitted from the record on appeal, due to the failure to photocopy the reverse pages (pages 2, 4, 6, and 8) of the double-sided policy agreement. A similar error in Zurich's policy did not prevent our resolution of the issues in Motorola III, however. See Motorola III, 02-0716 at p. 10, n. 7, 878 So.2d at 831, n. 7.