951 So.2d 1113 (2006)
CITY OF BATON ROUGE and Parish of East Baton Rouge Through The Greater Baton Rouge Metropolitan Airport District
v.
AMERICAN HOME ASSURANCE COMPANY and J. CALDARERA & CO., INC.
No. 2006 CA 0522.
Court of Appeal of Louisiana, First Circuit.
December 28, 2006.
*1114 John W. Waters, Jr., Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for Defendant-Appellant J. Caldarera & Co., Inc.
Davis B. Allgood, Daniel B. Davis, James C. Percy, Ryan E. Johnson, Jones, Walker, Waechter, Poltevent, Carrère & Denegre, L.L.P., Baton Rouge, for Defendants-Appellees URS Corporation and Joseph Levraea.
Before: PARRO, GUIDRY, and McCLENDON, JJ.
PARRO, J.
The defendant, J. Caldarera & Co., Inc. (Caldarera), appeals a judgment sustaining an exception raising the objection of prescription and dismissing some of its third-party demands against URS Corporation (URS) and Joseph Levraea. After a de novo review of the designation of this partial judgment as final, we conclude that the trial court erred in so designating it. Accordingly, we dismiss the appeal and remand to the trial court.

FACTUAL AND PROCEDURAL BACKGROUND
This lawsuit arises out of a contract to renovate the Baton Rouge airport. The *1115 original contractor defaulted, and on April 19, 1999, the City of Baton Rouge and Parish of East Baton Rouge, through the Greater Baton Rouge Metropolitan Airport District (EBR) executed a "Takeover Agreement" with the contractor's surety, American Home Assurance Company (American Home), to complete the terminal project. On April 30, 1999, American Home hired Caldarera as the general contractor under a "Completion Contract." However, there were numerous problems and delays with the project, and on March 27, 2002, EBR terminated the "Takeover Agreement." On the same day, EBR sued American Home for breach of contract and Caldarera for tort damages. American Home, with Caldarera's consent, removed the suit to federal court, and there both defendants filed third-party demands against URS, the company hired by EBR as program manager in charge of supervising the airport construction work; Caldarera also filed third-party demands against Levraea, a URS employee who was the on-site program manager for the terminal project.[1] The third-party demands were mailed to URS and Levraea by certified mail, but were not served on them. Eventually, because of the federal court's lack of subject matter jurisdiction, the case was remanded to the Nineteenth Judicial District Court (19th JDC).
On February 11, 2003, in the 19th JDC, Caldarera asked that the federal court record be made part of the record in this case and filed an amended and restated answer, a reconventional demand against EBR, and a restated third-party demand against URS and Levraea.[2] The restated third-party demand included claims for indemnity and contribution, and also claimed tort damages from June 27, 2001, based on actions taken by URS and Levraea after that date.[3] URS and Levraea filed an answer on March 7, 2003, and on March 24, 2004, they filed a peremptory exception. The exception raised the objection of prescription as to Caldarera's third-party tort claims concerning conduct occurring before February 11, 2002.[4] URS and Levraea contended that the filing of the third-party claims in federal court did not interrupt prescription, since that court was not a court of competent jurisdiction; that they were not served within the prescriptive period; that they did not waive service under FRCP Rule 4(d); that they did not answer the third-party demands in the federal court; and that the re-filing of the claims in the 19th JDC after remand was too late. Caldarera claimed its third-party demands were in the nature of a continuing tort; the actual notice provided by its mailing of the third-party demand to URS and Levraea was sufficient to interrupt the running of prescription; and URS and Levraea had waived service under FRCP Rule 4(d) or by answering the third-party demand in the 19th JDC.
*1116 The trial court sustained the exception in part. The dispositive language of the judgment stated the following:
[T]he Court being of the opinion that the exception should be granted, it is hereby ORDERED, ADJUDGED AND DECREED as follows:
(1) the peremptory exception be and it is hereby SUSTAINED, except to the extent that it originally sought dismissal of the tort-based damage claims of defendant American Home Assurance Company;
(2) the indemnity and any contribution claims asserted against URS Corporation and Joseph Levraea by J. Caldarera & Company, Inc. in this matter, be and they are hereby DISMISSED WITH PREJUDICE;
(3) the indemnity and contribution claims asserted against URS Corporation and Joseph Levraea by American Home Assurance Company in this matter, be and they are hereby DISMISSED WITH PREJUDICE;
(4) the tort claims asserted against URS Corporation and Joseph Levraea by J. Caldarera & Company, Inc. in this matter that relate to conduct occurring before February 11, 2002 be and they are hereby DISMISSED WITH PREJUDICE;
(5) this judgment shall be without prejudice to the rights of URS Corporation and Joseph Levraea to seek dismissal of any other claims of J. Caldarera & Company, Inc. or American Home Assurance Company on any grounds, including prescription;
(6) all costs of the peremptory exception and the related motion to clarify ruling are assessed against J. Caldarera & Company, Inc. and American Home Assurance Company, in solido; and
(7) the Court further expressly determines, pursuant to La.Code Civ. Pro. art. 1915(B)(1), that no just reason exists for delaying the finality of this judgment and that this judgment should be and hereby is designated as final for purposes of appeal.
The judgment was signed November 18, 2005,[5] and Caldarera appealed the partial dismissal of its third-party claims against URS and Levraea arising out of conduct occurring before February 11, 2002.[6]

FINALITY OF PARTIAL JUDGMENT
At oral argument, this court queried the parties concerning whether it was appropriate to designate this partial judgment as final, in that the judgment did not sustain the exception in its entirety, but only dismissed Caldarera's third-party tort claims against URS and Levraea related "to conduct occurring before February 11, *1117 2002." Additionally, only a portion of the judgment was appealed. The concern raised by this court was that this designation of the judgment as final would result in "piecemeal" litigation and multiple appeals that would ultimately delay the resolution of the lawsuit.[7] Also, because only a final judgment may be appealed, this court must examine the issue of whether this judgment was correctly designated as final in order to determine whether this court has jurisdiction over this matter. See LSA-C.C.P. arts. 1841 and 2083(A); McGehee v. City/Parish of East Baton Rouge, 00-1058 (La.App. 1st Cir.9/12/01), 809 So.2d 258, 260.
Louisiana Code of Civil Procedure article 1915(B) provides as follows:
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
In Motorola, Inc. v. Associated Indem. Corp., 02-1351 (La.App. 1st Cir.10/22/03), 867 So.2d 723, writs denied, 04-2313, 04-2324, 04-2327 (La.11/19/04), 888 So.2d 206, 211, and 212, this court addressed a similar situation, wherein the judgment was clearly designated as final and appealable by the trial court, but the reasoning upon which the court based that designation was unstated. The issue in Motorola was whether the trial court's rationale underlying its determination had to be explained in order to be a proper designation of finality of a partial judgment for purposes of appeal under Louisiana law. Id. at 727. After examining the historical underpinnings of the codal article, this court concluded that although the trial court's explication of its designation of a judgment as final is the most desirable practice, its failure to provide such reasons was not a jurisdictional defect. Id. at 732. In such a situation, if the reasons are neither apparent nor provided by the trial court, this court would conduct a de novo review, applying a non-exclusive list of factors adopted from the federal courts in determining whether a partial judgment is final. Id. Those factors include:
(1) The relationship between the adjudicated and unadjudicated claims;
(2) The possibility that the need for review might or might not be mooted by future developments in the district court;
(3) The possibility that the reviewing court might be obliged to consider the same issue a second time;

*1118 (4) The presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; and
(5) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.
Id. If, after conducting a de novo review, this court were to conclude that the trial court erred in designating the judgment as final, the appeal would be dismissed. Id. at 733.[8]
This method of resolving such partial judgments under LSA-C.C.P. art. 1915(B) has since been approved by the Louisiana Supreme Court in R.J. Messenger, Inc. v. Rosenblum, 04-1664 (La.3/2/05), 894 So.2d 1113, stating:
In order to assist the appellate court in its review of designated final judgments, the trial court should give explicit reasons, either oral or written, for its determination that there is no just reason for delay. However, if the trial court fails to do so, we find the appellate court cannot summarily dismiss the appeal. For purposes of judicial efficiency and economy, we approve the approach taken by the First, Third and Fifth circuits, and hold the proper standard of review for an order designating a judgment as final for appeal purposes when accompanied by explicit reasons is whether the trial court abused its discretion. If no reasons are given but some justification is apparent from the record, the appellate court should make a de novo determination of whether the certification was proper.
Id. at 1122. The supreme court also approved the factors cited above as illustrative and appropriate for the determination of whether a judgment should have been designated as final. Id.; see also, Pelts & Skins, L.L.C. v. Louisiana Dep't of Wildlife & Fisheries, 05-0952 (La.App. 1st Cir.6/21/06), 938 So.2d 1047, 1050, writ denied, 06-1821 (La.10/27/06), 939 So.2d 1281.
Applying those principles to the judgment in this case, we note the following. No reasons were given in this case, although the possible benefit of narrowing some of the issues in this complex lawsuit provides some apparent justification. Therefore, according to the Messenger decision, we must conduct a de novo review of the proceedings, using the cited factors, as those may apply to the matter before us.[9]
With reference to the third-party tort claims against URS and Levraea, both parties agree that the March 27, 2002 decision to terminate the "Takeover Agreement" occurred outside the prescriptive *1119 period delineated in the judgment. Therefore, any of Caldarera's claims against URS and Levraea related to that decision can still be litigated. Moreover, any claims based on their actions leading to the allegedly wrongful disqualification of Caldarera's bid to complete Phase Two of the project, which occurred after the termination of that agreement, can also still be litigated. Indeed, Caldarera's tort claims based on any of URS and/or Levraea's actions after February 11, 2002, are not prescribed under the terms of this judgment. Caldarera has argued to this court that none of its claims have prescribed, because the actions of URS and Levraea constitute a "continuing tort," in that there was a continuing duty owed to it by URS and Levraea to properly administer the airport project and a continuing breach of that duty by URS and Levraea. Without expressing any opinion on the validity of this argument, we nevertheless note that the continuing tort theory does assert a significant connection between actions taken before February 11, 2002, and those that occurred later. Even if this court were to conclude that the trial court judgment was correctly designated as final and that the judgment should be affirmed, the evidence at trial might nevertheless include reference to the earlier actions of URS and/or Levraea. Although claims based on these actions would have been adjudicated as prescribed, such evidence could be relevant to establish a pattern of behavior, animus, or continuing breach of duty, all of which have been alleged in the third-party demand. Therefore, under this theory of Caldarera's case, there is a direct relationship between the adjudicated and unadjudicated tort claims, such that the partial judgment would not necessarily narrow any of the evidence at trial.
We also believe it is possible that, because of the interrelationship between the parties and between the claims based on actions before and after certain key dates, this court might be obliged to consider the same issues a second time. The partial judgment reserved to URS and Levraea its right to seek dismissal of any other claims of Caldarera or American Home on any grounds, including prescription. American Home's claims against URS track those of Caldarera in many respects.[10] Thus, the exact same issues of prescription and continuing tort might be brought before this court, in the event the peremptory exception raising the objection of prescription were again raised by URS concerning American Home's third-party demands against it.
From the voluminous record in this case, it is obvious that the parties are vigorously litigating every issue, from discovery matters to rulings on exceptions and partial judgments. One earlier appeal to this court was mooted by parallel proceedings, and one other judgment was improperly designated as final.[11] Several *1120 matters have been filed as applications for supervisory writs, and later filed as appeals when rulings on motions or exceptions were designated as final partial judgments. While we do not discourage vigorous advocacy, every writ action or appeal delays the ultimate resolution of the case, adds to the parties' litigation expenses, and causes the expenditure of considerable time and effort by this court and/or the supreme court. With reference to the matter before us, there is a very real possibility that this court might have to address the same issues in another appeal. For this reason, and because the partial judgment in this case would not necessarily shorten the time of trial or narrow the evidence on the tort claims, we find that allowing an immediate appeal of the relevant portions of this partial judgment would only encourage multiple appeals and piecemeal litigation, causing delay and judicial inefficiency.[12] In considering whether a judgment is properly designated as final pursuant to Article 1915(B), a court must take into account judicial administrative interests as well as the equities involved. R.J. Messinger, Inc., 894 So.2d at 1122. We find no reasons for certifying the relevant portions of this judgment as final and immediately appealable that would outweigh these judicial administrative interests. Because the partial judgment on the third-party tort claims is not a final one, it may be revised at any time prior to the rendition of the judgment adjudicating the remaining issues in the case. LSA-C.C.P. art. 1915(B)(2); see Templet, 951 So.2d 182.

CONCLUSION
Because the trial court improperly designated the partial judgment as a final judgment pursuant to LSA-C.C.P. art. 1915(B), this court lacks appellate jurisdiction over the appeal of the judgment pertaining to Caldarera's third-party tort claims against URS and Levraea. Therefore, we dismiss the appeal of that portion of the judgment and remand the case to the trial court. Assessment of appeal costs shall await final disposition of this matter.
APPEAL DISMISSED; REMANDED.
NOTES
[1] Other pleadings were also filed in federal court and in the state court, and numerous other parties were named in various capacities, but those claims are not germane to this appeal.
[2] American Home had filed a similar motion on November 6, 2002, requesting that all of its pleadings in the federal court, including its third-party demand against URS, be included in the 19th JDC suit record.
[3] According to the briefs, the parties had settled claims arising out of actions preceding June 27, 2001.
[4] This exception also raised the objection of prescription as to American Home's tort claims against URS relating to conduct occurring before November 6, 2001. The exception also raised the objection of failure to state a cause of action concerning both defendants' indemnity and/or contribution claims.
[5] The judgment was a clarification of an earlier ruling by the court, which was noted in a minute entry on July 9, 2004, stating that "the Court is of the opinion that the peremptory exception of no cause of action is well founded and hereby sustains it." Because the court had taken the entire matter under advisement after the hearing, until this clarifying judgment was signed, it was not clear whether or how the court had ruled on the exception raising the objection of prescription as to some of the defendants' claims.
[6] The only matter addressed in this appeal is the dismissal of some of Caldarera's third-party demands against URS and Levraea on the grounds of prescription. The appeal did not assign error to the dismissal of the indemnity and contribution claims asserted against URS and Levraea by American Home and Caldarera. Moreover, before the hearing, URS and Levraea withdrew without prejudice their prescription objection as to American Home. American Home did not join in the appeal of the judgment.
[7] Historically, our courts have had a policy against multiple appeals and piecemeal litigation. Templet v. State ex rel. Dep't of Public Safety & Corr., 05-1903 (La.App. 1st Cir.11/3/06), 951 So.2d 182, 185.
[8] Concluding that the trial court's good reasons were apparent from the nature of the case, this court ultimately declined to conduct such a de novo review and maintained the appeal. Motorola, Inc. v. Associated Indem. Corp., 02-1351 (La.App. 1st Cir.6/25/04), 878 So.2d 838, 841, writs denied, 04-2313, 04-2324, 04-2327 (La.11/19/04), 888 So.2d 206, 211, and 212.
[9] Neither party has appealed the dismissal with prejudice of the indemnity and contribution claims filed against URS and/or Levraea by Caldarera and American Home. The result of this judgment, as it pertains to those claims, is to completely eliminate those issues from the litigation. Therefore, the trial court correctly designated those portions of the judgment regarding the dismissal of the indemnity and contribution claims as a final partial judgment. And, since neither party timely appealed those portions of the judgment, those dismissals are final and unappealable.
[10] We recognize, however, that it appears that fewer of those claims would be subject to the objection of prescription, due to the earlier filing by American Home of its third-party demand in the 19th JDC.
[11] At this writing, nine civil writ actions, several motions, and one earlier appeal have been filed with this court. The earlier appeal to this court was voluntarily dismissed, because the same relief had first been sought in a writ application, as it was unclear whether the trial court's "stay" of the proceedings constituted a de facto judgment granting injunctive relief. This court had granted the writ application and reversed the trial court ruling, and the supreme court had denied the application for writs concerning that matter. Therefore, the appeal to this court concerning the same issue was voluntarily dismissed by the appellant as moot. We note also that in one of the writ actions, this court found that the trial court had incorrectly certified a judgment as final, and further declined to exercise supervisory jurisdiction over the issue: See City of Baton Rouge and Parish of East Baton Rouge, through the Baton Rouge Metropolitan Airport Dist. v. American Home Assur. Co., XXXX-XXXX (La.App. 1st Cir.4/13/06) (unpublished writ action).
[12] In fact, we are compelled to observe that this record could serve as the definition of piecemeal litigation.