IN THE SUPREME COURT OF TEXAS














IN THE SUPREME COURT OF TEXAS

 

════════════

No. 06-1030

════════════

 

Zurich American Insurance
Company,

Federal Insurance Company, and

National Union Fire Insurance Co.,
Petitioners,

 

v.

 

Nokia, Incorporated,
Respondent

 

════════════════════════════════════════════════════

On Petition for Review from the

Court of Appeals for the Fifth District of Texas

════════════════════════════════════════════════════

 

 

            Justice Hecht, joined by Justice Brister, dissenting.

 

 

            When construing pleadings under the eight-corners rule to determine whether they state a claim
an insurer must defend, we are to be liberal.[1] Liberal does not mean naïve; it does not
mean blind. The pleadings in the five putative class actions at issue here all
allege that cellphone radiation causes bodily injury,
although they never use that phrase. They call it “biological injury”. Since the human body is totally biological[2] (as opposed to a human being), the
two phrases would seem to mean the same thing.[3] But American caselaw
rarely refers to injuries to the human body as “biological injuries”. Westlaw’s
computer databases identify maybe half a dozen such cases in the history of
American jurisprudence, not counting the cases before us and a few others like
them. Westlaw quits counting cases using the phrase “bodily injury” at 10,000.
A pervasive, timeless consensus has formed around the use of “bodily injury”.
Why, then, all of a sudden, change to “biological injury” in pleading a handful
of cellphone radiation cases?

            There is an obvious answer. The
cases are putative class actions. None of the named plaintiffs claims damages
for personal injuries caused by cellphone radiation.
Their damage claims are for not having been furnished headsets with their
phones, at most a few dollars, certainly not worth the freight of the
litigation. None of the cases has any value unless a class is certified
aggregating millions of claims for headsets. A class cannot be certified if
questions common to the class members do not predominate.[4] Questions common to class members cannot
predominate if class members claim individualized
bodily injuries.[5]
If the cases are to have any value, the pleadings must never breathe the words
“bodily injury”. They never do.

            Nokia’s insurers argue that this
omission establishes that they have no duty to defend the claims, but it
doesn’t. The insurance policies obligate them to defend claims for “damages
because of bodily injury”, and “biological injury” is close enough. But the
insurers also argue that none of the damages sought are because of
bodily injury, and on this point they are clearly right. None of the class
action pleadings claims any specific damages other than for headsets that Nokia
did not supply with the phones. Want of a cellphone
headset is neither a bodily nor a biological injury. It is true, as the Court
notes, that several of the damage claims are not specific — the pleadings claim
unspecified “monetary damages”, “compensatory damages”, “actual damages”,
“legal and equitable relief”, etc. — but none is inconsistent with the
pleadings’ meticulous avoidance of any claims for personal injuries. It is also
true that the pleadings weasel that class members’ damages are “including but
not limited to”, and “consisting, among other things, of” headsets and their
value, but again, though the pleadings do not affirmatively exclude the
possibility of other damages, neither do they ever identify any other actual
damages. The Court makes the positive statement that the class action
plaintiffs “seek damages based on their physical exposure to radiation.”[6] This is simply incorrect. There are
claims for headsets and their value, and claims for other unspecified damages.
There are no claims for personal injury damages. The Court cites no example,
and there is none.

            Construing pleadings liberally, we
must consider whether they state potential claims for damages because of
bodily injury, even if they are ambiguous or inartful.[7] Under this very generous standard, the
pleadings before us here do not. Suppose that a plaintiff sued the manufacturer
of his car, alleging that its brakes were defectively designed and unreasonably
dangerous, and claiming damages required for repairs. That would clearly not be
a claim for damages because of bodily injury. If the plaintiff added that
brakes had been known to fail, resulting in accidents, would that transform the
case into one for bodily injury damages? Surely not. If the plaintiff asserted
that he had himself been injured, but still claimed only repair damages, would
that change the nature of the case? No. That is all we have in the present
case. Class counsel allege very carefully that using cellphones
without headsets can cause bodily injury, and therefore they want headsets or
their value. This is not a claim for damages because of bodily injury.

            This conclusion is unassailable for
two reasons. One is that a person need only have purchased (or leased) a cellphone to be a member of the class claiming damages. He
need not ever have actually used the phone. He could have bought it as a gift
or lost it. His damages are completely unrelated to any possible personal
injury, bodily or biological. He is like the plaintiff suing for defective
brakes before an accident has happened. The other reason is that, as I have
already said, damages because of bodily injury necessarily depend on whose body
in particular has been injured, an individual inquiry that prevents
predominance of common issues, precludes class certification, and destroys the
value of the lawsuits. We should not consider that class counsel’s pleadings
potentially state a claim that would destroy the case altogether.

            In any event, class counsel have
removed all doubt as to their intentions. Several complaints assert: “No
individual issues of injury exist”. This can be true only if class members do
not claim personal injuries. The Court’s response to this statement is that
“[a]lleging that there are no individual issues of injury . . . is not the same as stating
that no individuals have been injured.”[8]
That is certainly true, but the insurers’ duty to
defend turns not on whether individuals may have been injured, but whether they
claim injury. The insurers must defend claims for damages because of
bodily injury, even if the claims prove to be unfounded; by the same token,
they are not required to defend claims that have not been asserted, even if
they exist somewhere. Class counsel stated in the MDL proceeding: “Plaintiffs
are not seeking compensation for any personal injury suffered as a result of
the use of cell phones.” The Court’s response is that class certification is
not the issue.[9]
That, too, is true. But surely we must take counsel at their word as to what
their claims are.

            The Court cites an unpublished
opinion of the Fourth Circuit and an unpublished opinion of the Ninth Circuit, each
concluding that the cellphone radiation plaintiffs
claim damages because of bodily injury. But neither adds anything to this
Court’s opinion. Specifically, neither quotes a single example of such a claim
from class counsel’s pleadings. Moreover, the courts that issued those opinions
do not allow them to be treated as authoritative in any federal court in their
respective circuits.[10]
If the opinions are not binding even on their authors, it is not clear why this
Court should rely on them for anything. The Court suggests that our decision on
the insurers’ duty to defend should not be out of step with other courts that
have addressed the same issue, but courts have gone both ways.[11] We cannot help but be in step with some
and out of step with others.

            The most unfortunate aspect of
today’s decision in my view is that it handles the eight-corners rule in a way
that rewards cute and clever pleading that strains credulity. The only
difference between the five cases at issue is that in one, Naquin, class
counsel was forthcoming, affirmatively disclaiming the personal injury damage
claims that would destroy the lawsuit.[12]
The Court concludes that the insurers need not defend that case.

            The pleadings in the cellphone radiation class actions do not actually claim
damages because of bodily injury, and they do not potentially include such
claims because the claims would defeat the actions. The insurers should not be
required to defend them.

            Accordingly, I
respectfully dissent.

 

____________________

Nathan L. Hecht

Justice

 

Opinion delivered: August 29, 2008


















[1] National
Union Fire Ins. Co. of Pittsburgh v. Merchants Fast Motor Lines, Inc., 939
S.W.2d 139, 141 (Tex.
1997) (“When applying the eight corners rule, we give the allegations in the
petition a liberal interpretation.”).





[2] Webster’s Third New International Dictionary
218 (1981) (defining biological as “of or relating to biology or to life and
living things: belonging to or characteristic of the processes of life”).





[3] The
law does not afford damages for all bodily injuries. See, e.g., Metro-North
Commuter R.R. Co. v. Buckley, 521 U.S.
424, 432-436 (1997) (holding that a worker cannot recover under FELA for the
injury of exposure to asbestos if he is disease and symptom free); Temple-Inland Forest Prods. Corp. v. Carter,
993 S.W.2d 88, 92-93 (Tex. 1999) (holding that a person exposed to asbestos
cannot claim mental anguish damages for fear of contracting an asbestos-related
disease if bodily injury is “latent and any eventual consequences uncertain”).
The issue here, however, is not whether cellphone
purchasers have actually suffered bodily injury, but whether class counsel have
alleged they have.





[4] E.g.,
Fed. R. Civ. P. 23(b)(3); Tex. R. Civ. P. 42(b)(3).





[5] Southwestern
Refining Co., Inc. v. Bernal, 22 S.W.3d 425, 436 (Tex. 2000) (“Personal injury claims will
often present thorny causation and damage issues with highly individualistic
variables that a court or jury must individually resolve. See generally
[Amchem Prods., Inc. v. Windsor, 521
U.S. 591 (1997)]. Thus, the class action will rarely be an appropriate device
for resolving them.”).





[6] Ante
at ___.





[7] GuideOne Elite Ins. Co. v. Fielder Rd. Baptist
Church, 197 S.W.3d 305, 310 (Tex. 2006) (“A plaintiff's factual allegations
that potentially support a covered claim is all that is needed to invoke the
insurer’s duty to defend . . . .”). 





[8] Ante
at ___.





[9] Ante
at ___.





[10]
4th Cir. Local R. 32.1 (citation of unpublished dispositions) (“Citation of
this Court’s unpublished dispositions issued prior to January 1, 2007, in
briefs and oral arguments in this Court and in the district courts within this
Circuit is disfavored, except for the purpose of establishing res judicata, estoppel,
or the law of the case.”); 9th Cir. R. 36-3(a) (citation of unpublished
dispositions or orders) (“Not Precedent: Unpublished dispositions and
orders of this Court are not precedent, except when relevant under the doctrine
of law of the case or rules of claim preclusion or issue preclusion.”).





[11]
Compare Zurich-American Ins. Co. v. Audiovox
Corp., 741 N.Y.S.2d 692, 692 (N.Y. App. Div. 2002) (no duty to defend), with
Ericsson, Inc. v. St. Paul Fire and Marine Ins. Co., 423 F. Supp. 2d
587, 594 (N.D. Tex. 2006) (duty to defend), Motorola, Inc. v. Associated Indem. Corp., 878 So. 2d 824 (La. App. 1 Cir. 2004), writ
denied, 888 So. 2d 206 (La.
2004), and writ denied, 888 So. 2d 211 (La. 2004), and writ denied,
888 So. 2d 212 (La. 2004) (duty to defend), and Motorola, Inc. v. Associated
Indem. Corp., 878 So. 2d 838 (La. App. 1 Cir.
2004), writ denied, 888 So. 2d 206 (La. 2004), and writ denied,
888 So. 2d 211 (La. 2004), and writ denied, 888 So. 2d 212 (La. 2004)
(duty to defend).





[12]
Naquin et al. v. Nokia Mobile Phones, Inc., MDL No. 1421, No. 01-MD-1421
(D. Md.) (second amended complaint) (E.D. La. Cause No. 00-2023).