McClendon, j.
12Plaintiff, the Louisiana Department of Transportation and Development (“DOTD”), appeals a judgment granting partial summary judgment in favor of the defendants, David and Dianne Henderson (“the Henderson”). For the reasons that follow, we conclude that the certification of the judgment as final and appealable pursuant to LSA-C.C.P. art. 1915(B) was improper, and we dismiss the appeal.
FACTS AND PROCEDURAL HISTORY
In 2004, DOTD sought to purchase three parcels of land from the Hendersons to build the Juban Road/Interstate 12 interchange in Livingston Parish. Because no agreement could be reached between the parties, on June 15, 2004, DOTD filed a Petition for Expropriation pursuant to LSA-R.S. 48:441, et seq. In compliance with LSA-R.S. 48:442, DOTD also deposited $288,834.00 into the registry of the court, reflecting its “Estimate of Compensation” for the value of the Hendersons’ land. On June 15, 2004, the court signed an Order of Expropriation, giving DOTD title to the three parcels of land.
On June 29, 2004, the Hendersons, pursuant to LSA-R.S. 48:449, withdrew the amount DOTD deposited with the court. On May 16, 2008, DOTD filed its Notice of Acceptance, indicating that the state had *741 accepted the highway project for which it took the Hendersons’ land. In response, on July 31, 2008, the Hendersons filed an answer, asking for additional compensation above the amount of the deposit. See LSA-R.S. 48:450(B).
The parties then engaged in discovery, wherein DOTD avers it learned that the Hendersons’ land could possibly be wetlands. DOTD, in a February 26, 2009, letter to the Hendersons, indicated that it “would be prepared to request a jurisdictional determination on the Hendersons’ entire parent tract, as we believe a wetlands determination and any resulting mitigation requirements will have significant impact on the before and after-value of the property.” DOTD further indicated that “in the event there is any determination the property’s value is less than initially estimated by our appraisers, we will seek a return of any amount |swe determine has been paid in excess of the actual fair market value of the property,” which DOTD estimated would be at least $96,100.00.
On May 15, 2009, the Hendersons filed a Motion for Partial Summary Judgment, asserting that DOTD “cannot recover any money deposited and already paid to the Hendersons in excess of the fair market value of the expropriated property.” Following a hearing, the trial court granted the Hendersons’ motion, finding that DOTD has no “legal authority” to recover excess funds from either the registry of the court or the Hendersons should DOTD prove an amount of just compensation less than the estimate originally deposited in conjunction with the Petition for Expropriation. The trial court signed a judgment reflecting its ruling in open court on July 27, 2009. DOTD has appealed the trial court’s judgment.
On appeal, DOTD asserts that the trial court erred in granting the Hendersons’ motion for partial summary judgment, thereby prohibiting DOTD from recovering funds originally deposited in the registry, but ultimately determined to be in excess of just compensation.
PROPRIETY OF APPEAL
The trial court’s July 27, 2009, judgment is clearly a partial judgment. As such, this court must consider whether this partial judgment is a final judgment for purposes of immediate appeal. See LSA-C.C.P. art. 2083 and McGehee v. City/Parish of East Baton Rouge, 00-1058, p. 3 (La.App. 1 Cir. 9/12/01), 809 So.2d 258, 260 (“Appellate courts have the duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue.”) Whether a partial judgment is immediately appealable is determined by examining the requirements set forth in LSA-C.C.P. art. 1915. Article 1915(B)(1) provides that “[w]hen a court renders a partial judgment or partial summary judgment ... as to one or more but less than all of the claims, demands, issues, or theories ... the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.” [Emphasis supplied.] This provision attempts to strike a | ^balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties. R.J. Messinger, Inc. v. Rosenblum, 04-1664, p. 13 (La.3/2/05), 894 So.2d 1113, 1122.
The trial court, after “having expressly determined there was no just reason for delay,” certified its judgment as final pursuant to LSA-C.C.P. art. 1915(B)(1). Because the trial court gave no explicit reasons for its determination that no just reason for delay existed, we must make a de novo determination of whether the designation is proper. See R.J. Messinger, Inc., 04-1664 at pp. 13-14, 894 So.2d at 1122. In conducting this *742 review, we consider the “overriding inquiry” of “whether there is no just reason for delay,” as well as the other non-exclusive criteria trial courts should use in making the determination of whether certification is appropriate, which include: (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; and (4) miscellaneous facts such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Id., 2004-1664 at p. 14, 894 So.2d at 1122-23.
Despite any ruling on the merits at this time, plaintiffs will present evidence in an attempt to show that they are entitled to more compensation than DOTD originally deposited into the registry of the court. Similarly, even if we were to conclude that DOTD cannot recover an excess deposit, nothing precludes DOTD, in an effort to prevent the Hendersons from obtaining a judgment of deficiency against it, from presenting evidence to show that the appropriate measure of compensation is less than the amount it originally deposited into the registry of the court. As such, it appears that any ruling on appeal at this point will not shorten the time of trial, cause undue delay, or needlessly increase the cost of litigation. More importantly, if it is later | r,determined that the measure of compensation to which the Hendersons are entitled is equal to or greater than the amount DOTD deposited into the registry of the court, DOTD would not be entitled to a refund and this issue would become moot.[1]
Based on our de novo review, we conclude that the trial court’s certification of the judgment under LSA-C.C.P. art. 1915(B)(1) was improper. Accordingly, we pretermit review of the merits of DOTD’s appeal.
DECREE
Because the trial court improperly designated the partial summary judgment rendered herein as a final judgment pursuant to LSA-C.C.P. art. 1915(B), we dismiss the appeal for lack of appellate jurisdiction. The case is remanded to the trial court for proceedings consistent with this ruling. Assessment of appeal costs shall await final disposition of this matter.
APPEAL DISMISSED; MATTER REMANDED.

. We also note that a partial summary judgment does not constitute a final judgment for purposes of appeal, and thus may be revised by the trial court at any time prior to the rendition of the judgment adjudicating all issues and claims. LSA-C.C.P. art. 1915(B)(2) and Gold Dust Graphics, Inc. v. Diez, 06-0323, p. 7 (La.App. 1 Cir. 12/28/06), 951 So.2d 270, 274.