CRAIN, J.
|2The plaintiffs appeal a partial judgment of the trial court sustaining exceptions of res judicata and prescription, and dismissing their claim to annul a tax sale. Finding the trial court erred in designat *1058 ing the partial judgment as final and ap-pealable, we dismiss the appeal.
FACTS AND PROCEDURAL HISTORY
The plaintiffs, Earl Malus and Karen Holbert Malus, purchased Lot 12 in Belle Terre Acres Subdivision in St. Tammany Parish in 1996. In 2009, the Maluses failed to pay the ad valorem taxes on the property. The property proceeded to a tax sale where it was purchased by Adam Asset Management, LLC on June 23,2010.[1] Over three years later, on January 10, 2014, Adair filed a petition to quiet the tax title, naming the Maluses as defendants. Although they were served, the Maluses failed to answer the suit, and, after the entry of a preliminary default, Adair obtained a judgment against them confirming the default judgment on April 9, 2015. The April 9, 2015 judgment declares Adair to be the owner of Lot 12 and “forever enjoin[s] and prohibits] Earl P. Malus .... [and] Karen Holbert Malus ... from claiming or setting up any right, title, or interest in and to said property.” The Mar luses did not appeal the April 9, 2015 judgment.
On June 26, 2015, the Maluses filed- a petition against Adair and the St. Tammany Parish Sheriff asserting multiple claims, including (1) a claim seeking to annul the 2010 tax sale based upon alleged lack of pre-sale notice, (2) a possessory action asserting that the recordation of the tax sale and subsequent conveyances constituted disturbances-in-law of the Malús-es’ possession of the property, and (3) |sa request for an injunction prohibiting Adair and the Sheriff from evicting the Maluses or taking any other action to disturb their possession of the property.
Adair agreed to a preliminary injunction providing that it would not attempt to evict the Maluses until further order of the court. Adair then filed exceptions of res judicata and prescription asserting that the nullity action was barred by the April 9, 2015 judgment or, alternatively, had prescribed. After a hearing, the trial court signed a judgment on October 7, 2015, sustaining the exceptions and providing that the “Petition to Annul Tax Sale [and] Quitclaim Deed be dismissed with prejudice and the requested relief be denied.” The judgment did not address the posses-sory action or the request for injunctive relief.[2]
The Maluses filed a motion for new trial, and during the pendency of that motion, Adair filed a rule to show cause seeking an order evicting the Maluses from the property. In a judgment signed on December 16, 2015, the trial court denied the motion for new trial as to the nullity claim; however, the trial court clarified in the judgment that “no judgment has been rendered in this matter regarding Plaintiffs’ Possesso-ry Action which remains pending in this court.” The December 16, 2015 judgment also denied Adair’s rule to evict the Malus-es as premature. The trial court designated the judgment a partial final judgment under Louisiana Code of Civil Procedure article 1915 based upon an express deter *1059 mination that there is no just reason for delay. The trial court gave no explicit reasons for that determination.
The Maluses appeal the December 16, 2015 judgment, assigning several errors to the trial court’s sustaining of the exceptions of prescription and res judicata. The Maluses also assert the trial court erred in denying them leave of court to amend their petition in an order signed on December 10, 2015.
^DISCUSSION
Appellate courts have a duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. State, Department of Transportation and Development v. Henderson, 09-2212 (La.App. 1 Cir. 5/7/10), 39 So.3d 739, 741; McGehee v. City/Parish of East Baton Rouge, 00-1058 (La.App. 1 Cir. 9/12/01), 809 So.2d 258, 260. Consequently, we must first determine whether this court has jurisdiction to review the December 16, 2015 judgment at this time.
This court’s appellate jurisdiction extends to “final judgments.” La. Code Civ. Pro. art. 2083; Van ex rel. White v. Davis, 00-0206 (La.App. 1 Cir. 2/16/01), 808 So.2d 478, 483. A judgment that determines the merits in whole or in part is a final judgment. See La. Code Civ. Pro. art. 1841. A judgment that sustains an exception as to one or more, but less than all, of the claims against a party is a partial judgment and can be immediately appealed only if it is properly designated as a final judgment. See La. Code Civ. Pro. arts. 1911B and 1915B; City of Baton Rouge v. American Home Assurance Company, 06-0522 (La.App. 1 Cir. 12/28/06), 951 So.2d 1113, 1116.
The December 16, 2015 judgment dismissed only the Maluses’ claim seeking to nullify the tax sale. Their remaining claims against Adair, including the possessory action and the request for injunctive relief, remain pending. The judgment thus constitutes a partial judgment, and this court’s appellate jurisdiction appears to depend upon the propriety of the trial court’s designation of the judgment as final and ap-pealable pursuant to Louisiana Code of Civil Procedure article 1915B(1).
However, before reviewing the propriety of the trial court’s determination, we must consider whether the requirements of Article 1915B have been | ^legislatively eliminated for judgments dismissing actions to annul a tax sale. In that regard, Louisiana Revised Statute 47:2291A provides:
A nullity action shall be an ordinary proceeding governed by the Louisiana Code of Civil Procedure. Upon conclusion of the action for nullity, the court shall either:
(1) Issue a preliminary order that the tax sale, an acquisition of full ownership by a political subdivision, or a sale or donation of adjudicated property, as applicable, will be declared a nullity.
(2) Render judgment dismissing the action with prejudice which shall be a final judgment for purposes of appeal.
While Subsection (2) of this statute states that a judgment dismissing a nullity action “shall be a final judgment for purposes of appeal,” we do not construe this language to dispense with the necessity of an Article 1915B designation when the judgment dismissing the nullity action is a partial judgment,
Our interpretation of the relevant statutory language is guided by well-established rules of statutory construction. Legislation is the solemn expression of the legislative will; thus, the interpretation of legislation is primarily the search for legislative intent. In re Succession of Boyter, 99-0761 (La. 1/7/00), 756 So.2d 1122, 1128. The starting point for interpretation of any *1060 statute is the language of the statute itself, as the text of the law is the best evidence of legislative intent. See La. R.S. 1:4 and 24:177B(1); Rando v. Anco Insulations, Inc., 08-1163 (La. 5/22/09), 16 So.3d 1065, 1075.
All laws pertaining to the same subject matter must be interpreted in pari materia, or in reference to each other. See La. Civ. Code art. 13; Pierce Foundations, Inc. v. Jaroy Construction, Inc., 15-0785 (La. 5/3/16), 190 So.3d 298, 303. The legislature is presumed to have acted with deliberation and to have enacted a statute in light of the preceding statutes involving the same subject matter. See La. R.S. 24:177C; Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc., 06-0582 (La. 11/29/06), 943 So.2d 1037, 1045. Where | Bit is possible, courts have a duty in the interpretation of a statute to adopt a construction which harmonizes and reconciles it with other provisions dealing with the same subject matter. Holly & Smith Architects, Inc., 943 So.2d at 1045.
The first sentence of Subsection 47:2291A confirms that a nullity action is governed by the Louisiana Code of Civil Procedure. As previously recognized, the Code of Civil Procedure contains numerous provision governing appeals, including Article 2083, which permits an appeal of a “final judgment,” and Articles 1911 and 1915, which, subject to certain exceptions not applicable here, require that partial judgments be properly designated as final to be subject to an immediate appeal. All of these provisions were in effect when the legislature enacted Section 47:2291 in 2008. See 2008 La. Acts. No. 819, §§ 1 and 3 (effective January 1, 2009).
When a nullity action is filed as a single action, as opposed to cumulated with other actions, the declaration in Subsection 47:2291A(2) that a judgment dismissing the action is a final judgment is entirely consistent with the provisions of the Code of Civil Procedure that were already in effect when the statute was adopted. Under those circumstances, the judgment determines the merits of the only action pending between the parties and, therefore, is a final judgment subject to appeal. See La. Code Civ. Pro. arts. 1841 and 2083A. On the other hand, if the nullity action is cumulated with other actions, as permitted by Louisiana Code of Civil Procedure articles 461-65, and only the nullity action is dismissed, any legislative authorization of an immediate appeal of that partial judgment, without an Article 1915B designation, would be directly contrary to the preceding law.
We find no language in Subsection 47:2291A indicating any legislative intent to modify the provisions of the Code of Civil Procedure governing appeals. To the contrary, the subsection begins by expressly declaring that a nullity action “shall be ... governed by the Louisiana Code of Civil Procedure.” This mandate |7is not subject to any qualifying language — such as a phrase providing “except as otherwise provided herein” — indicating that the subsection adopts a procedure that is contrary to the Code of Civil Procedure. Absent such language, it is reasonable to conclude that the legislature, in passing a statute, did not intend to abrogate any prior law relating to the same subject matter. See Barrilleaux v. NPC, Inc., 98-0728 (La.App. 1 Cir. 4/1/99), 730 So.2d 1062, 1065, writ denied, 99-1002 (La. 5/28/99), 743 So.2d 672. Construing the applicable provisions in pari materia, we find that Subsection 47:2291A(2) does not authorize the immediate appeal of a partial judgment dismissing an action to annul a tax sale, unless that judgment has been properly designated as final under Article 1915B.
*1061 This court’s jurisdiction thus depends upon whether the judgment was properly designated as a final judgment pursuant to Article 1915B. See La. Code Civ. Pro. arts. 1911B, 1915B(1), and 2083. The trial court gave no explicit reasons for its determination that no just reason for delay existed, so we review that determination on a de novo basis. See R.J. Messinger, Inc. v. Rosenblum, 04-1664 (La. 3/2/05, 14), 894 So.2d 1113, 1122; State, Department of Transportation and Development v. Henderson, 09-2212 (La.App. 1 Cir. 5/7/10), 39 So.3d 739, 741.
Article 1915 attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties. R.J. Messinger, Inc., 894 So.2d at 1122. In conducting our review of the trial court’s designation, we consider the “overriding inquiry” of “whether there is no just reason for delay,” as well as the other nonexclusive criteria trial courts should use in making the determination of whether certification is appropriate, which include: (1) the relationship between the adjudicated and the unadjudicated claims, (2) the possibility that the need for review might or might not be mooted by future developments in the district court, |s(3) the possibility that the reviewing court might be obliged to consider the same issue a second time, and (4) miscellaneous facts such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. See R.J. Messinger, Inc., 894 So.2d at 1122-23; Henderson, 39 So.3d at 741-42.
Here, the relationship between the adjudicated and unadjudicated claims does not support the need for an immediate appeal of the partial judgment. The adjudication of the nullity claim, regardless of which party prevails on appeal, will not be not determinative of the possessory action. A trial will still be necessary to determine the merits of that claim, as well as the request for injunctive relief. After those claims have been adjudicated, either party will have the right to appeal any adverse judgment rendered in the proceeding. See La. Code Civ. Pro. arts. 2083A, 3612, and 3662B.[3] We further note that if the Maluses prevail in the possesso-ry action, Adair will have to institute a petitory action within a designated time to further pursue any ownership interest in the property. See La. Code Civ. Pro. art. 3662A(2). As such, it appears that any ruling on appeal at this point will not shorten the time of trial, cause undue delay, or needlessly increase the cost of litigation. See Henderson, 39 So.3d at 742.
We find the trial court erred in designating the December 16, 2015 judgment as a final judgment pursuant to Article 1915B(1). See City of Baton Rouge, 951 So.2d at 1120 (trial court erred in designating as final a partial judgment that sustained an exception of prescription and dismissed some, but not all, of a party’s Indaims). Accordingly, this court lacks jurisdiction to consider the appeal. See La. Code Civ. Pro. arts. 1911B and 2083.[4]
*1062 This court has the discretion to convert an appeal to an application for supervisory writs and rule on the merits of the application. Stelluto v. Stelluto, 05-0074 (La. 6/29/05), 914 So.2d 34, 39. However, there are limitations on this grant of authority. In Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La. 1981), the Louisiana Supreme Court directed appellate courts to consider an application for supervisory writs under their supervisory jurisdiction, even though relief may be ultimately available to the applicant on appeal, when the trial court judgment was argu ably incorrect, a reversal would terminate the litigation (in whole or in part), and there was no dispute of fact to be resolved. See also Best Fishing, Inc. v. Rancatore, 96-2254 (La.App. 1 Cir. 12/29/97), 706 So.2d 161, 166-67.
We decline to convert this matter to an application for supervisory writs. For the reasons already provided, a reversal of the trial court’s judgment would not terminate the litigation, in whole or in part, because additional claims remain pending between the parties. The parties have an adequate remedy by review on appeal after a final judgment is rendered. See Boutte v. Meadows, 13-1189, 2014 WL 651754 (La. App. 1 Cir. 2/18/14).
CONCLUSION
The trial court improperly designated the December 16, 2015 judgment as a final judgment pursuant to Louisiana Code of Civil Procedure article 1915B(1); therefore, we dismiss the appeal for lack of appellate jurisdiction. Costs of this |inappeal are assessed one-half to Earl Malus and Karen Holbert Malus, and one-half to Adair Asset Management, LLC. This matter is remanded to the trial court for further proceedings.
APPEAL DISMISSED; CASE REMANDED.[5]

. Pursuant to Louisiana Revised Statute 47:2121 C(l), a tax sale purchaser acquires a "tax sale title” that is not translative of ownership until the expiration of the redemptive period. Adair Asset Management, LLC subsequently conveyed any and all interest in the property to ' Adair Holdings, LLC, which thereafter transferred any and all mineral rights in the property to Lorand, LLC. All three entities are defendants herein and will be collectively referred to as "Adair.”

. On October 22, 2015, the trial court signed an amended judgment that modified the original judgment to include the name of the Sheriffs counsel in the appearance of counsel set forth therein.

. Cf. Harder v. Wong, 13-1144, 2014 WL 651556 (La. App. 1 Cir. 2/18/14) (court of appeal reviewed a judgment nullifying a tax sale rendered in a possessory action after a trial on the merits of both claims).

. We note that in Central Properties v. Fairway Gardenhomes, LLC, 16-0111, 204 So.3d 240, 2016 WL 4956713 (La. App. 1 Cir. 9/16/16), this court maintained an appeal of a partial judgment denying a petition to quiet title on property purchased at a tax sale. In contrast to the judgment herein, the judgment in that case adjudicated all of the claims between two parties in the litigation. See Central Properties, 204 So.3d at 244-45, 2016 WL 4956713 at *3; see also La. Code Civ. Pro. art. *1062 1915A(1). On that basis, Central Properties is distinguishable from the present case.

. Adair filed a motion for leave seeking permission to file a supplemental brief addressing the certification of the partial judgment. That motion is denied.