**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 1403

AIDS HEALTHCARE FOUNDATION, INC.

VERSUS

CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE
and SHARON WESTON BROOME IN HER OFFICIAL CAPACITY
AS MAYOR-PRESIDENT OF EAST BATON ROUGE PARISH

Judgment Rendered: **SEP 1 8 2020**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
Parish of East Baton Rouge, State of Louisiana
No. C685653

The Honorable Timothy E. Kelley, Judge Presiding

* * * * *

Michael S. Walsh
John P. Murrill
Sarah N. White
Baton Rouge, Louisiana

Counsel for Plaintiff/Appellant,
AIDS Healthcare Foundation, Inc.

Anderson O. Dotson, III
Parish Attorney
Sarah S. Monsour
Assistant Parish Attorney
Baton Rouge, Louisiana

Counsel for Defendant/Appellee,
City of Baton Rouge, Parish of
East Baton Rouge

* * * * *

BEFORE: WHIPPLE, C.J., GUIDRY AND WOLFE, JJ.

**WOLFE, J.**

AIDS Healthcare Foundation, Inc. (AHF), appeals the trial court's judgment that granted a motion to dismiss its petition for injunctive and mandamus relief. For the reasons that follow, we dismiss the appeal.

## FACTS

AHF instituted this suit against The City of Baton Rouge, Parish of East Baton Rouge (EBR) and Mayor Sharon Weston Broome, seeking a writ of mandamus compelling the defendants to award AHF a public contract and funding under the Ryan White CARE Act and Minority AIDS Initiative (the Ryan White Program). AHF additionally sought a preliminary and permanent injunction to prohibit the defendants from taking actions inconsistent with their obligations to issue the contract and funding to AHF. In response, EBR filed exceptions of unauthorized use of summary proceedings and improper cumulation of actions, as well as a motion to dismiss the petition.

The trial court held a hearing where EBR's exceptions and motion were treated as defenses to AHF's petition. At the conclusion of AHF's presentation of evidence, EBR moved for involuntary dismissal of the petition. The trial court granted EBR's motion and sustained its exceptions, allowing AHF fifteen days to amend its petition to state a cause of action for an ordinary proceeding seeking damages. The trial court signed a judgment that provides:

> **IT IS ORDERED, ADJUDGED AND DECREED**, that AIDS Healthcare Foundation, Inc.'s request for preliminary injunctive relief is **DENIED**.

> **IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that AIDS Healthcare Foundation, Inc.'s request for mandamus relief is **DENIED**.

> **IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that the City of Baton Rouge/Parish of East Baton Rouge's Dilatory Exception of Unauthorized Use of Summary Proceeding and Dilatory Exception of Improper Cumulation of Action filed is **SUSTAINED**. AIDS Healthcare Foundation, Inc. is granted an

2

additional fifteen (15) days from the date of this judgment to amend its pleadings to state a cause of action regarding the cumulation exception.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that the City of Baton Rouge/Parish of East Baton Rouge's Motion to Dismiss Plaintiff's Petition for Mandamus and Injunctive Relief is **GRANTED**.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that all costs of these proceedings are assessed against AIDS Healthcare Foundation, Inc.

AHF appealed, contending the trial court erred in granting EBR's motion to dismiss.

## JURISDICTION

Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled. La. Code Civ. Pro. art. 1. Appellate courts have a duty to examine subject matter jurisdiction *sua sponte,* even when the parties do not raise the issue. **Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.,** 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*).

This court's appellate jurisdiction extends to final judgments and to interlocutory judgments when expressly provided by law. *See* La. Code Civ. P. art. 2083; **Malus v. Adair Asset Management, LLC,** 2016-0610 (La. App. 1st Cir. 12/22/16), 209 So.3d 1055, 1059. A judgment that determines the merits, in whole or in part, is a final judgment. La. Code Civ. P. art. 1841; *see also* La. Code Civ. P. art. 1915. A judgment that does not determine the merits, but only preliminary matters in the course of the action, is an interlocutory judgment. La. Code Civ. P. art. 1841. The denial of a request for a writ of mandamus is an appealable judgment. **City of Baton Rouge v. Douglas,** 2016-0655 (La. App. 1 Cir. 4/12/17), 218 So.3d 158, 163. Further, "[a]n appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction." La. Code Civ. P. art. 3612(B). However, a valid final judgment must be precise, definite, and

3

certain. **Laird v. St. Tammany Parish Safe Harbor**, 2002-0045 (La. App. 1st Cir. 12/20/02), 836 So.2d 364, 365. The judgment must contain decretal language and must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **Advanced Leveling**, 268 So.3d at 1046.

After this appeal was lodged, this court, *ex proprio motu*, issued a rule to show cause, directing the parties to show cause why the appeal should not be dismissed because the judgment appears to be a partial judgment not designated as final for purposes of immediate appeal. Specifically, this court noted that although the judgment dismissed AHF's petition, it also granted AHF fifteen days to amend the petition. This court additionally invited the trial court to designate the judgment as final pursuant to Louisiana Code of Civil Procedure article 1915(B) and provide a *per curiam* setting forth reasons in support thereof, or to advise this court that the judgment does not warrant or need such designation.

The trial court responded with a *per curiam* opinion, advising that its judgment "was interlocutory and is not certified as final under [Article] 1915(B). In fact, [AHF] was given 15 days to amend its Petition to correct any deficiencies that resulted in the interlocutory ruling." EBR filed a brief urging this court to dismiss the appeal for reasons stated by the trial court. In its brief, AHF countered that the appeal should be maintained because the judgment dismissed the petition on the merits and contained appropriate decretal language.

A judgment that permits an amendment within a given delay and does not dismiss the plaintiff's suit does not constitute a final judgment. **Burniac v. Costner**, 2018-1709 (La. App. 1st Cir. 5/31/19), 277 So.3d 1204, 1209. Even after the time period provided for amendment has lapsed, the plaintiff may still amend unless the defendant has moved for dismissal. **Schroeder v. Board of Supervisors of Louisiana State University**, 540 So.2d 380, 382 (La. App. 1st Cir. 1989).

4

This court has definitively held that where a portion of a judgment is uncertain and indefinite, the entire judgment is non-appealable. *See* **Advanced Leveling**, 268 So.3d at 1046-47. Consequently, the lack of requisite decretal language prevents review of the judgment on appeal.

## CONCLUSION

For the reasons set forth herein, this appeal is dismissed. Costs of this appeal are assessed to AIDS Healthcare Foundation, Inc.

**APPEAL DISMISSED.**