STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 0121
2020 CW 1105

4 C'S LAND CORPORATION,
JIMMY CANTRELLE LAND COMPANY, LLC,
JAMES CANTRELLE AND LEONA CANTRELLE

VERSUS

COLUMBIA GULF TRANSMISSION COMPANY
AND INDUSTRIAL HELICOPTERS, LLC

Judgment Rendered:  OCT 2 1 2021

* * * * *

Appealed from the
17th Judicial District Court
Parish of Lafourche, State of Louisiana
No. 123238

The Honorable Christopher J. Boudreaux, Judge Presiding

* * * * *

| | |
|---|---|
| P. Albert Bienvenu<br>Metairie, Louisiana | Counsel for Plaintiffs/Appellants,<br>4 C's Land Corporation, Jimmy<br>Cantrelle Land Company, L.L.C.,<br>James Cantrelle, and Leona Cantrelle |
| Marshall A. Hevron<br>Roland M. Vandenweghe<br>Taylor E. Brett<br>New Orleans, Louisiana<br>and<br>Christopher H. Riviere<br>Thibodaux, Louisiana | Counsel for Defendant/Appellee,<br>Columbia Gulf Transmission, LLC |

* * * * *

BEFORE:  McDONALD, HOLDRIDGE, AND WOLFE, JJ.

**WOLFE, J.**

This is an appeal, and related application for supervisory writ, of a partial summary judgment rendered in favor of the defendant holder of pipeline servitudes, which declared that the plaintiffs will not be able to recover for any damages to trees and vegetation within and extending into the area of the servitudes. We dismiss the appeal and deny the writ application.

## FACTS

The plaintiffs to this suit are 4 C's Land Corporation and Jimmy Cantrelle Land Company, L.L.C., which own non-contiguous tracts of property in Lafourche Parish, as well as James and Leona Cantrelle, who are the officers, directors, and members of the two companies and enjoy use of the properties. The properties are burdened with contractual pipeline servitudes now held by Columbia Gulf Transmission Company, LLC ("Columbia"). The plaintiffs filed this suit against Columbia and others, seeking damages and other relief arising from the July 24, 2012 aerial application of chemical herbicide to the properties, both inside and outside the servitude boundaries, allegedly at Columbia's direction.[1] The plaintiffs averred that the servitude agreements did not authorize Columbia to spray or otherwise apply chemicals to the properties; therefore, Columbia's actions constituted a trespass and breach of the servitude agreements. The damages they seek include compensation for injuring and killing trees and vegetation both inside and outside the servitude boundaries.

Columbia moved for partial summary judgment, seeking dismissal of the plaintiffs' claims for damages to trees and vegetation inside the servitude

---

[1] The plaintiffs also named Industrial Helicopters, L.L.C., as a defendant, contending it applied the herbicide and is liable *in solido* with Columbia. The claims against Industrial Helicopters are not at issue in this appeal. Nor are the plaintiffs' additional claims against both Columbia and Industrial Helicopters for injunctive relief at issue. Claims by James and Leona Cantrelle for physical injuries resulting from exposure to the herbicide have been dismissed.

2

boundaries. Columbia contended that as the holder of the servitudes it has the contractual right to use the servitudes for their intended purpose. Columbia contended this included the right to maintain the servitude areas for use, which necessarily included the right to clear trees and vegetation within the servitude boundaries. Columbia argued that the servitude agreements' silence as to how it could maintain the servitudes should not be construed to prohibit the use of reasonable modern methods, including the application of herbicides. Columbia further argued that its supporting evidence established that it acted reasonably in deciding to apply the herbicide and in implementing its decision. Thus, Columbia argued the trial court should grant summary judgment in its favor, ruling that the plaintiffs cannot recover for any damages to trees and vegetation within the servitude boundaries.

In opposition to the motion, the plaintiffs argued that the servitude agreements require compensation to the landowners for the damages that result from the servitude holder's use, repair, or maintenance of the pipeline. The plaintiffs contended that the rights granted by the servitudes cannot be construed to grant Columbia the unfettered use of the areas and to authorize the aerial spray of poisonous herbicide, which the plaintiffs maintain was unreasonable, unnecessary, and applied without their consent.

After a hearing, the trial court agreed with Columbia that its right under the servitude agreements included the right to clear tree growth. Further, the trial court found that the servitude agreements could not be interpreted to afford the plaintiffs damages for trees killed within or extending into the servitude boundaries. The trial court signed a judgment that granted Columbia's motion for partial summary judgment for the reasons set forth in Columbia's briefs, discussed by Columbia's counsel during oral argument, and stated by the court in its oral reasons. The judgment was further designated as final for purposes of an immediate appeal.

3

The plaintiffs filed both an application for supervisory writ and an appeal, seeking review of the judgment. The writ application was referred to this panel for resolution. See **4C's Land Corporation v. Columbia Gulf Transmission Co.,** 2020-1105 (La. App. 1st Cir. 12/21/20) (unpublished writ action).

## APPELLATE JURISDICTION

Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled. La. Code Civ. P. art. 1. Appellate courts have a duty to examine their subject matter jurisdiction *sua sponte*, even if the litigants do not raise the issue. **Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.,** 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*).

This court's appellate jurisdiction extends only to final judgments, which determine the merits in whole or in part, and to interlocutory judgments made expressly appealable by law. See La. Code Civ. P. arts. 1841 and 2083; **Hoffmann v. Scurria,** 2019-1047 (La. App. 1st Cir. 2/21/20), 299 So.3d 723, 727. A judgment that only partially determines the merits of an action will constitute a partial final judgment that is immediately appealable only if authorized by La. Code Civ. P. art. 1915. **Matter of Succ. of Pellette,** 2018-0728 (La. App. 1st Cir. 4/16/19), 2019 WL 1614718, *5 (unpublished). Thus, a partial summary judgment dispositive of a particular issue or theory of recovery may be immediately appealed during ongoing litigation only if it has been properly designated as final by the trial court pursuant to Article 1915B. See La. Code Civ. P. arts. 966E, 1915A(3) and B; **Stanley v. Potts,** 2020-1315 (La. App. 1st Cir. 6/4/21), 2021 WL 2283916, *2 (unpublished). Although the trial court herein designated the partial summary judgment *sub judice* as final, that designation alone is not determinative of this court's jurisdiction. Rather, jurisdiction hinges on whether the designation was proper. See **Carr v. Sanderson Farms, Inc.,** 2017-1499 (La. App. 1st Cir. 4/6/18), 2018 WL 1663148,

4

*2 (unpublished); **Templet v. State ex rel. Department of Public Safety and Corrections**, 2005-1903 (La. App. 1st Cir. 11/3/06), 951 So.2d 182, 185.

When the trial court provides explicit reasons for designating a judgment as final, the appellate court reviews the propriety of the designation under the abuse of discretion standard. **R.J. Messinger, Inc. v. Rosenblum**, 2004-1664 (La. 3/2/05), 894 So.2d 1113, 1122. Historically, our courts have had a policy against multiple appeals and piecemeal litigation. Article 1915 attempts to strike a balance between the undesirability of piecemeal appeals and the need for the availability of review to best serve the needs of the parties. **Messinger**, 894 So.2d at 1122. In conducting our review of the trial court's designation, we consider the "overriding inquiry" of "whether there is no just reason for delay," as well as the other nonexclusive criteria trial courts should use in making the determination of whether certification is appropriate, including the relationship between the adjudicated and unadjudicated claims; the possibility that the need for review might or might not be mooted by future developments in the trial court; and the possibility that the reviewing court might be obligated to consider the same issue a second time; as well as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. **Messinger**, 894 So.2d at 1122-23.

Here, the trial court explained that it found no just reason for delay and designated the partial summary judgment as final because:

> The failure to resolve the issues involved would result in unnecessary delay during trial due to the likelihood of extensive proffer of testimony and exhibits, unnecessary expense to litigants in presenting and defending the dismissed claims during said proffer, and inconvenience to the jury. Should proffer of evidence regarding the dismissed claims be improper, the failure to review these rulings immediately could result in a new trial, with further expense to the litigants and further inconvenience to citizens called as potential jurors.

After considering the record in light of the relevant legal precepts, we find the trial court abused its discretion in designating the partial summary judgment as a

final judgment under Article 1915B. The plaintiffs' claims present an issue of contractual interpretation of the servitude agreements. The potential recovery of any damages, whether for the destruction of trees and vegetation inside or outside the servitude boundaries, is therefore interrelated and dependent on the question of what, if any, damages are allowed under the servitude agreements. An immediate appeal of the partial summary judgment *sub judice* would only serve to encourage multiple appeals and piecemeal litigation, possibly requiring this court to consider the same issues in multiple appeals. Moreover, the plaintiffs can seek appellate review of the issues presented herein in connection with a final judgment in this suit. We are not persuaded that proffering the evidence proving the damages claimed for the trees and vegetation within the servitude boundaries will be unduly burdensome when weighed against the judicial inefficiency caused by considering this matter piecemeal.

In addition to being improperly designated as final, we note that the judgment only states that the partial summary judgment is granted and, as a result, the plaintiffs will not be able to recover for any damages done to trees and vegetation within the servitude area. The judgment does not contain decretal language dismissing the plaintiffs' claims in that regard. Although designated as final, the judgment must still comply with the requirement that it contain decretal language. **Berthelot v. Indovina**, 2019-0821 (La. App. 1st Cir. 2/21/20), 311 So.3d 1139, 1141, writ denied, 2020-00921 (La. 11/24/20), 305 So.3d 106. While this latter defect is curable, such is unnecessary here where we have determined that the designation was improper. See La. Code Civ. P. arts. 1951 and 2088A(12).

## APPLICATION FOR SUPERVISORY WRIT

In addition to seeking review of the judgment by appeal, the plaintiffs filed an application for supervisory writ, which was referred to this panel for consideration. Appellate courts have plenary power to exercise supervisory jurisdiction over lower

courts and may do so at any time, at their discretion. See La. Const. art. V, §§10A and 16. In **Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc.**, 396 So.2d 878 (La. 1981) (*per curiam*), the Louisiana Supreme Court directed appellate courts to consider an application for supervisory writ under their supervisory jurisdiction, even though relief may be ultimately available to the applicant on appeal, when the trial court judgment was arguably incorrect, a reversal would terminate the litigation (in whole or in part), and there was no dispute of fact to be resolved. See also **Malus v. Adair Asset Management, LLC**, 2016-0610 (La. App. 1st Cir. 12/22/16), 209 So.3d 1055, 1062. For the same reasons that we determined the judgment was improperly certified as final under Article 1915B, we find that the **Herlitz** criteria are not satisfied. Thus, we decline to exercise our supervisory jurisdiction to consider the partial summary judgment.

## CONCLUSION

For the foregoing reasons, this appeal is dismissed for lack of appellate jurisdiction and the matter is remanded to the trial court for further proceedings. The application for supervisory writ is likewise denied. We express no opinion on the merits of the claims presented. All costs of this appeal are assessed to the appellants, 4 C's Land Corporation, Jimmy Cantrelle Land Company, L.L.C., James Cantrelle, and Leona Cantrelle.

**APPEAL DISMISSED; WRIT DENIED.**