**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2025 CA 0532

TINA ST. PHILIP CLOUTIER

VERSUS

JAMES E. CLOUTIER

CONSOLIDATED WITH

2025 CA 0533

JAMES E. CLOUTIER

VERSUS

TINA ST. PHILIP CLOUTIER

Judgment Rendered: ___DEC 2 3 2025___

* * * * *

On Appeal from the
Thirty-Second Judicial District Court
Parish of Terrebonne
State of Louisiana
No. 194853 c/w 198421, Division A

The Honorable Timothy C. Ellender, Jr., Judge Presiding

* * * * *

Erin Fisher
Metairie, Louisiana

Attorney for Plaintiff/Appellee
Tina St. Philip Cloutier


Kathryn W. Richard
Stanwood R. Duval
Houma, Louisiana

Attorneys for Defendant/Appellant
James E. Cloutier


* * * * *

BEFORE: McCLENDON, C.J., GREENE, AND STROMBERG, JJ.

**STROMBERG, J.**

James E. Cloutier, defendant, appeals the trial court's partial summary judgment in favor of plaintiff, Tina St. Philip Cloutier. For the reasons that follow, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

On September 30, 2022, plaintiff filed a Petition for Divorce and Determination of Incidental Matters against defendant seeking a divorce, spousal support, and the division/allocation of certain assets, among other relief. Defendant filed an Answer and Reconventional Demand, alleging, in pertinent part, that a separate property regime existed between the parties, which was governed by a Prenuptial Agreement dated July 18, 2019.

On March 27, 2023, plaintiff filed a Petition for Declaratory Judgment. She first asked the trial court to determine if the Prenuptial Agreement was null and void because it failed to comply with the requisites of law. If the Prenuptial Agreement complied with Louisiana law, then she asked the trial court for a declaratory judgment as to whether the Prenuptial Agreement should be annulled on the grounds of duress, error, or fraud. Lastly, if the Prenuptial Agreement failed to comply with Louisiana law and was declared null and void as a Prenuptial Agreement, then plaintiff asked for a declaratory judgment as to whether it should be substantively classified as a valid donation *inter vivos*. Plaintiff also sought reasonable attorney fees. A trial on the Petition for Declaratory Judgment was set for November 21, 2024.

In the interim, on October 4, 2023, defendant filed a Petition for Revocation of Donation *Inter Vivos* in a separate proceeding. Defendant alleged the Prenuptial Agreement controlled the designation of assets between the parties, asserted items given to plaintiff were a donation *inter vivos*, and sought to revoke all donations *inter vivos* during the marriage. The two actions were consolidated.

2

On November 12, 2024, the trial court signed a Consent Judgment on Prenuptial Agreement, which was signed by the parties and counsel, stating:

> **IT IS ORDERED, ADJUDGED AND DECREED** that the Prenuptial Agreement dated July 18, 2019 … [was] not an authentic act because it was not signed by [plaintiff] in front of the Notary or two witnesses who signed that document.

> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court reserves for later determination whether the Prenuptial Agreement [was] valid as an Act of Donation by [defendant] in the form of an authentic act.

Subsequently, plaintiff filed a Motion for Partial Summary Judgment on Petition for Declaratory Judgment. A hearing on the Motion for Partial Summary Judgment was continued until December 16, 2024, but the record does not include a hearing transcript, as all parties agreed to waive oral argument. On January 17, 2025, the trial court signed a Judgment and Reasons for Judgment stating, in pertinent part:

> Therefore, this Court grants partial summary judgment as a final judgment in favor of the mover, [plaintiff,] and against the non-mover, [defendant], finding that the prenuptial agreement dated July 18, 2019 is an unenforceable matrimonial agreement as it fails to meet the requirements of an authentic act or an act under private signature duly acknowledged.

Notice of judgment was mailed on January 29, 2025. On March 10, 2025, defendant filed a Motion for Suspensive Appeal asserting that the trial court erred "in invalidating the prenuptial agreement executed by the parties." Defendant's motion noted that, because the trial court designated the judgment as a final judgment, he filed the Motion for Suspensive Appeal even though the judgment did not contain an express determination that there was no just reason for delay. However, defendant did not file a notice of intent to file supervisory writs.

After this appeal was lodged, we, *ex proprio motu,* issued a Rule to Show Cause Order, directing the parties to show cause why the appeal should not be remanded because the partial summary judgment appeared to be a partial judgment not designated as final for purposes of immediate appeal. Specifically, the Rule to

3

Show Cause Order stated that "this Court cannot determine if the judgment dismisses any claims in their entirety or if a La. C.C.P. art. 1915(B) designation [was] needed." Accordingly, the parties were ordered to show cause by briefs why the appeal should not be remanded. In response to the Rule to Show Cause Order, defendant argued that the judgment is not a final judgment, and he asked that the judgment be declared not a final judgment and that it remains a partial judgment pending the trial of this matter. Plaintiff did not file a brief in response to the Rule to Show Cause Order. Our panel chose to resolve the Rule to Show Cause Order with the appeal.

## APPEALABILITY OF PARTIAL SUMMARY JUDGMENT

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte,* even when the litigants do not raise the issue. Dunbar v. Howard, 2021-1171 (La. App. 1 Cir. 8/16/22), 348 So.3d 738, 743. This Court's appellate jurisdiction extends to final judgments, which are those that determine the merits in whole or in part, and to interlocutory judgments when expressly provided by law. See La. C.C.P. arts. 1841 and 2083; Malus v. Adair Asset Management, LLC, 2016-0610 (La. App. 1 Cir. 12/22/16), 209 So.3d 1055, 1059. A judgment that only partially determines the merits of an action is a partial final judgment and, as such, is immediately appealable only if authorized by former La. C.C.P. art. 1915.[1] Ballard v. State Farm Mutual Automobile Insurance Company, 2023-1344 (La. App. 1 Cir. 10/29/24), 2024 WL 4600296, at *4 (unpublished).

Former Louisiana Code of Civil Procedure article 1915 provided, in pertinent part:

---

[1] Effective August 1, 2025, the legislature amended La. C.C.P. art. 1915 to delete Sections (B)(1) and (2) and to amend Section (C) to pertinently provide: "Except as otherwise provided by law, when a court grants a ... summary judgment ... as to one or more but fewer than all of the claims, demands, issues, or theories by or against a party ..., that judgment is an interlocutory judgment." 2025 La. Acts No. 250, §3. However, the amendment to La. C.C.P. art. 1915 has prospective application only and does not apply to appeals filed prior to August 1, 2025. See La. Acts No. 250, §6. The appeal in this matter was filed in March of 2025, so we apply former La. C.C.P. art. 1915 herein.

A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:

(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.

(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.

(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).

(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.

(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.

(6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).

B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

A partial summary judgment rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, may be granted in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties pursuant to La. C.C.P. art. 966(E). A partial summary judgment rendered pursuant to La. C.C.P. art. 966(E) may be immediately appealed during ongoing litigation only if it has been properly certified as final by the trial court. See La. C.C.P. art. 1915(A)(3) & (B); Expert Mechanical Services Inc. v. Safe Air Technology, LLC, 2024-1216 (La. App. 1 Cir. 8/4/25), 418 So.3d 533, 537.

In this case, the January 17, 2025 partial summary judgment was not designated as final by the trial court. The January 17, 2025 partial summary judgment also does not dispose of the entire litigation. Rather, the trial court rendered the partial summary judgment solely as to plaintiff's claim that the Prenuptial Agreement between the parties was unenforceable. The plaintiff's remaining claims as to the declaratory judgment were not adjudicated by the judgment. The January 17, 2025 partial summary judgment was rendered pursuant to La. C.C.P. art. 966(E), and thus it does not fall within any of the categories of partial judgments subject to immediate appeal listed in La. C.C.P. art. 1915(A). The appeal of the judgment is governed by Subsection B of Article 1915, which provides that a partial judgment "shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay." La. C.C.P. art. 1915(B)(1). The trial court did not designate the January 17, 2025 judgment as final for purposes of immediate appeal or determine that there was no just reason for delay. Therefore, the January 17, 2025 judgment is not subject to an immediate appeal. See La. C.C.P. art. 1915(B)(2). Consequently, this court lacks appellate jurisdiction. See La. C.C.P. arts. 1841, 1911, and 2083.

Because we find the judgment at issue is not a final judgment under La. C.C.P. art. 1915(A) and has not been properly designated as such under La. C.C.P. art. 1915(B), it is not appealable as one "in which appeals are given by law[.]" La. C.C.P. art. 2083(A). The parties can seek appellate relief once a final judgment has been rendered and all issues are properly before this court on appeal.[2]

_____

[2] We note that even if the January 17, 2025 judgment were certified as final pursuant to La. C.C.P. art. 1915(B), under a Messinger analysis, allowing an immediate appeal of this partial summary judgment would only encourage multiple appeals and piecemeal litigation, causing delay and judicial inefficiency. See R.J. Messinger, Inc. v. Rosenblum, 2004-1664 (La. 3/2/05), 894 So.2d 1113, 1122; Expert Mechanical Services, Inc., 418 So.3d at 537-38; Trufund Financial Services, Inc. v. City of Baton Rouge/Parish of East Baton Rouge, 2024-0082 (La. App. 1 Cir. 12/30/24), 403 So.3d 1138, 1142, writ denied, 2025-00289 (La. 5/29/25), 410 So.3d 150.

## CONCLUSION

For the above and foregoing reasons, this appeal is dismissed.[3] All costs of this appeal are assessed against defendant, James E. Cloutier.

**APPEAL DISMISSED.**

---

[3] While this court has discretion to convert an appeal to an application for supervisory writ, it may only do so if the appeal would have been timely had it been filed as a supervisory writ application. Lea v. Lea, 2021-1293 (La. App. 1 Cir. 4/28/22), 342 So.3d 352, 354. A party intending to apply to this court for a supervisory writ shall give notice of such intention by requesting a return date to be set by the trial court, which shall not exceed thirty days from the date of the notice of judgment. See Uniform Rules, Louisiana Courts of Appeal, Rules 4-2 and 4-3; La. C.C.P. art. 1914. Notice of the January 17, 2025 judgment was mailed on January 29, 2025. Defendant's delay for applying for supervisory writs from the January 17, 2025 judgment expired on February 28, 2025, thirty days after notice of judgment was mailed. However, defendant did not file his Motion for Suspensive Appeal until March 10, 2025. Thus, we cannot convert this matter to a writ application.